**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| BYRON A. LOOPER, | ) | |
| Appellant, | ) | |
| | ) | No.: 3:07-cv-306 |
| v. | ) | (Phillips) |
| | ) | |
| EDUCATIONAL CREDIT MANAGEMENT | ) | |
| CORPORATION and U.S. DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM OPINION**

This bankruptcy appeal is before the court on appellees' joint Motion to Dismiss [Doc. 6]. Appellees seek to dismiss the appeal due to appellant's failure to timely file his brief. For the reasons that follow, the motion is GRANTED.

**I.**

This is a bankruptcy appeal from an Order entered April 25, 2007 by the Honorable Richard Stair, Jr., United States Bankruptcy Judge, in which Judge Stair denied debtor/appellant's motion for summary judgment and granted the motions for summary judgment filed by the creditors/appellees, the United States Department of Education ("Department of Education") and Educational Credit Management Corporation ("ECMC"). On February 2, 2006, appellant filed an adversarial complaint, seeking a declaration that his student loan obligations were dischargeable for undue hardship under 11 U.S.C. § 523(a)(8) (2006). In a Memorandum Opinion accompanying the aforementioned Order,

-1-

Judge Stair found that appellant did not establish the requisite "undue hardship" to discharge his student loans and, having granted appellees' motions for summary judgment and denied appellant's motion for summary judgment, dismissed the complaint. Having unsuccessfully requested further relief from the bankruptcy court, appellant filed this appeal. This court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a)(1).

**II.**

Appellees move this court to dismiss the appeal as untimely. The court will first address the timeliness of appellant's brief before addressing whether dismissal is appropriate.

Part VIII of the Federal Rules of Bankruptcy Procedure governs appeals to the district court or the bankruptcy appellate panel. In the instant case, appellees contend that appellant failed to comply with the requirements of Rule 8009 governing the briefing schedule. Appellant in turn argues that the applicable deadlines under Rule 8009 never began to run, and his filing was therefore timely.

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides, "Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits[, t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. Pro. 8009(a). Rule 8007 in turn provides,

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court .... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or degree appealed from of the date on which the appeal was docketed.

Fed. R. Bankr. Pro. 8007(b).

In the instant case, the record of appeal was received and docketed on August 8, 2007.

Because this court did not "by local rule or by order excuse[] the filing of briefs or specif[y] different time limits" (indeed, the court notified the parties of the applicability of Rule 8009), per Rule 8009 of the Federal Rules of Bankruptcy Procedure, the appellant was required to serve and file his brief within fifteen days of this entry on the docket. Allowing for an additional three-day period for mailing, Fed. R. Bankr. Pro. 9006(f), appellant's brief was therefore due on or before August 26, 2007. Appellant, however, did not file his brief until April 18, 2008, and his brief was therefore untimely and in violation of Rule 8009.

Appellant disputes the untimeliness of this filing, arguing that he did not receive any of the communications from this court and therefore the briefing schedule was not triggered.[1] [Doc. 4 at 3-4]. Appellant, who is incarcerated and proceeding pro se, argues that his status as a prisoner has hampered his ability to communicate with the court.

Appellant's arguments are wholly without merit. It is the entry on the docket that triggers the briefing schedule, not the giving or receipt of notice. Fed. R. Bankr. Pro. 8009(a) ("The appellant shall serve and file a brief within fifteen days after *entry of the appeal on the docket* pursuant to Rule 8007." (emphasis added)). While Rule 8007(b) requires the clerk to "give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed," *id.* 8007(b), this notice is not the event from which the applicable briefing deadlines begin to run. Per Rule 8009, appellant's fifteen-day time period in which to file his brief began running

---

[1] In support of his argument that the time limits of Rule 8009 have not been triggered, appellant employs another usage of the word "docket." Appellant argues, "Also see reg. another usage: your case is on the docket for December. In other words, your case is schedule for December but—it does not mean the case records or pleadings have not been filed or received in this usage." [Doc. 9 at 3]. Appellant is correct that several usages of "docket" exist, including the one to which appellant refers: "A schedule of pending cases [e.g., "T]he case is third on Monday's trial docket[]." Black's Law Dictionary (8th ed. 2004). The use of "docket" in Rule 8009, however, concerns "[a] formal record in which a judge or court clerk briefly notes all the proceedings and filings in a court case." *Id.* The designation of this appeal as No. 3:07-cv-365 on August 8, 2007 constituted the "entry on the docket" that triggered the deadlines in Rule 8009.

when the appeal was docketed on August 8, 2007 and given the designation of Case No. 3:07-cv-365, *not* on the date when notice of such entry was either given or received.

In sum, the court finds that appellant's brief, filed on April 18, 2008, was untimely under Rule 8009.

### III.

Rule 8001 of the Federal Rules of Bankruptcy Procedure states, "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. Pro. 8001(a). Appellees argue that appellant's untimely filing should be dismissed due to appellant's bad faith, negligence, or indifference. Appellees argue that dismissal is the only appropriate sanction under Rule 8001(a) for appellant's failure to comply with the briefing schedule. Appellant in turn argues that insofar as he failed to comply with the rules (although, as discussed above, he does not concede that the deadlines of the briefing schedule ever began to run), his failure to comply should be excused and this court should entertain the merits of his appeal.

"Time limitations imposed by Rule 8009 ... are not jurisdictional, and the district court is not automatically required to dismiss the appeal of a party who has failed to met those deadlines." *In re Guerrant*, No. 92-2363, 1993 WL 304401, at *1 (6th Cir. Aug 9, 1993) (per curiam). Rather, the court is to refrain from the extreme sanction of dismissal of the appeal "absent a showing of bad faith, negligence, or indifference." *In re Buscemi's Int'l, Inc.*, 64 F. App'x 910, 911 (6th Cir. 2003).

The court finds that appellant's untimely filing of his brief constitutes at least negligence, if not complete indifference, such that dismissal is appropriate. Appellant's arguments that he did not

receive notice and therefore his untimeliness is excusable are without merit.  As discussed above, the clerk followed the required procedure of mailing notice to appellant.[2]  In a similar case, where the appellant's "only explanation for her dilatory behavior [was] to blame the district court for its failure to notify her that her brief was late," the Sixth Circuit found that dismissal was appropriate.  *Guerrant*, 1993 WL 304401, at *2.  Likewise, the clerk's notice given in the instant case informed the parties that appellant would have fifteen days from the entry on the docket to file his brief.  Even accepting appellant's allegations as true that he did not receive this notice, such lack of notice would simply be analogous to a "failure to notify [appellant] that his brief was late."  *Id.*  As in *Guerrant*, this does not excuse appellant's tardy filing, particularly as the brief was filed eight months overdue.  *Cf. id.* (noting inter alia that appellant's brief was filed five months late).

Moreover, appellant's pro se status does not exempt him from complying with the rules of procedure.  In a similar case where a pro se appellant filed his bankruptcy appeal brief six months late, the Sixth Circuit held, "While Sharwell [the appellant] was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance."  *Sharwell v. Baumgart*, No. 97-3320, 1997 WL 681509, at * 1 (6th Cir. Oct. 30, 1997).  The Sixth Circuit found that the six-month delay showed "at least negligence, if not complete indifference, on his part,"[3] and dismissal was therefore appropriate.  Here, appellant filed his brief nearly eight months late, demonstrating negligence and indifference to this appeal.  Appellant's arguments that he received no notices and apparently twice attempted to

---

[2] Appellant argues that the notice given is labeled on the docket as "Letter to all counsel from USDC," and as he is not an attorney, but rather is a party, he did not receive the letter.  As a pro se party, however, and in particular an incarcerated party, it is this court's policy to mail all communications directly to the party.

[3] Sharwell had also failed to file a designation of the record and statement of the issues.

contact the clerk (to no avail) do not mitigate his neglect.

Indeed, the very filing of appellant's brief demonstrates his negligence. Concurrent with his brief, appellant filed a letter to the court, labeled by the clerk's office on the docket as a "Motion for Extension of Time to File Brief and Motion to Supplement the Record on Appeal" [Doc. 4]. In this filing, appellant begins by arguing that Rule 8009 did not as yet apply and therefore his brief was not untimely. The court has already addressed the substance of this argument; however, it is particularly indicative of appellant's negligence. Such "motion" was filed well in advance of the appellees' Motion to Dismiss, and this independent recitation of the rules of procedure demonstrates appellant's access thereto and familiarity therewith, particularly with the applicable deadlines. That appellant nevertheless did not comply therewith, due either to his negligence or complete indifference, is not for this court to remedy.

Accordingly, the court finds dismissal to be warranted under Rule 8001 for failure to comply with the briefing schedule of Rule 8009.

## IV.

For the foregoing reasons, appellees' Motion to Dismiss [Doc. 6] is hereby **GRANTED**, whereby this appeal is **DISMISSED**.

**IT IS SO ORDERED**.

ENTER:

<u>  s/ Thomas W. Phillips  </u>
United States District Judge